IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-3249-WJM

PROGRESSIVE EXPRESS INSURANCE COMPANY,

    Plaintiff,

v.

FABRIC INNOVATIONS, INC., a Florida corporation,
RACHEL BAILEY, and
JOSEPH NEWMAN,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff Progressive Express Insurance Company's ("Progressive") Motion for Entry of Final Summary Judgment ("Motion"). (ECF No. 64.) Defendant Fabric Innovations, Inc. ("FI") responded to the Motion ("Response") (ECF No. 73) and Progressive replied (ECF No. 75). Defendants Rachel Bailey and Joseph Newman have not filed a response to the Motion. For the reasons set forth below, the Motion is granted, and judgment will be entered in favor of Progressive and against Defendants FI, Bailey and Newman ("Defendants").

### I. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A fact is "material" if, under the

relevant substantive law, it is essential to the proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita*, 475 U.S. at 586–587).

## II. BACKGROUND[1]

Progressive seeks a judicial declaration that under an insurance policy it issued to FI, it has no obligations to defend or indemnify FI or Rachel Bailey with respect to personal injury claims of Joseph Newman arising out of a June 5, 2019 motor vehicle accident in Denver, Colorado. (ECF No. 54 at 7.)

Progressive issued to FI a Commercial Auto Policy, under Policy No. 03856129-2

---

[1] The following factual summary is based on the parties' briefs on the Motion and documents submitted in support thereof. These facts are undisputed unless attributed to a party or source. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

2

(the "Policy"). (ECF No. 64 ¶ 1.) The Policy insured two listed vehicles, a 2016 Mercedes-Benz and a 2017 Mercedes-Benz. (*Id*. ¶ 2.) On June 5, 2019, the day of the accident, Bailey lived in the State of Washington and was employed by FI. (*Id*. ¶¶ 3–4.) Bailey was a regional account manager, and her responsibilities included managing accounts in fourteen states and traveling to those states to conduct business. (*Id*. ¶¶ 5–6.)

Bailey traveled to Colorado on June 4, 2019, as part of a business trip for FI. (*Id*. ¶¶ 7–8.) Upon her arrival in Colorado, Bailey rented a 2018 Dodge Caravan; she could not use the Mercedes-Benzes on the Policy because both vehicles were in Florida. (*Id*. ¶ 11; ECF No. 73 at 9.) The next day, while driving the 2018 Dodge Caravan, Bailey got into a motor vehicle accident with Newman. (ECF No. 64 ¶ 11.)

The Policy provides that a person is insured when that person is using one of the two described vehicles, *i.e.*, the 2016 and 2017 Mercedes-Benzes. (ECF No. 73-1 at 2, 9–10.) The Policy also contains a standard "temporary substitute auto" provision which extends coverage to:

> any auto you do not own while used with the permission of its owner as a temporary substitute for an insured auto that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction.

(*Id.* at 13.)

### III. LEGAL STANDARD

The Declaratory Judgment Act provides a district court with the authority to declare the rights and other legal relations of any interested party in "a case of actual controversy" within the court's jurisdiction. 28 U.S.C. § 2201. The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling act, which

3

confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952)); *see also Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942).

The Tenth Circuit has provided "substantial guidance" to district courts considering the appropriateness of jurisdiction in a declaratory action. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). The *Mhoon* court detailed a list of five factors for district courts to consider in evaluating whether to exercise jurisdiction over declaratory actions:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Id.* at 983 (citations omitted).

## IV. ANALYSIS

As an initial matter, the Court considers *sua sponte* whether it is appropriate to retain jurisdiction over this matter. The Court finds that the *Mhoon* factors weigh in favor of retaining jurisdiction: (1) the first factor weighs in favor of retaining jurisdiction because a resolution of this action will settle the controversy between Progressive and the Defendants; (2) the second factor weighs in favor of retaining jurisdiction because the resolution of this action will clarify Progressive's contractual obligations toward the Defendants; (3) the third factor weighs in favor of retaining jurisdiction because there is no evidence that this action is being used as procedural fencing; (4) the fourth factor is

4

not decisive because the record does not contain enough information about the state court proceeding for the Court to evaluate whether retaining jurisdiction would increase friction between federal and state courts; and (5) the fifth factor weighs in favor of retaining jurisdiction because there is no evidence that a state court remedy would be better or more effective than a remedy provided by this Court. *Id.* at 983.  For the foregoing reasons, the Court finds that it is appropriate to retain jurisdiction over this matter.

Having decided to retain jurisdiction, the Court turns to the merits of the instant Motion.  Progressive argues that it is entitled to summary judgment because the 2018 Dodge Caravan is not listed on the Policy as an "insured auto" and does not fall into other relevant categories of the Policy, such as "additional auto," "replacement auto," or "temporary substitute auto."  (ECF No. 64 at 4.)

First, in Section A, the Court considers the Motion as it relates to FI, which filed a response to the Motion.  Next, in Section B, the Court considers the Motion as it relates to Defendants Bailey and Newman, neither of whom filed a response.

**A.     Defendant Fabric Innovations, Inc.**

FI argues that summary judgment is not warranted because the Policy is ambiguous and Progressive has not met its evidentiary burden.  (ECF No. 73 at 5–12.) At the heart of both of FI's arguments is the contention that the 2018 Dodge Caravan *could* be covered under the Policy as a "temporary substitute auto."  (*Id.*)

1.     The Contract is Not Ambiguous

First, FI argues that the "temporary substitute auto" provision of the Policy is ambiguous.  (*Id.* at 8–12.)  The "temporary substitute auto" provision extends coverage to "any auto you do not own while used with the permission of its owner as a temporary

5

substitute for an insured auto that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction." (ECF No. 73-1 at 13.)

FI argues that the term "breakdown" is ambiguous in this context. (ECF No. 73 at 8.) FI points out that one definition of "breakdown" is "a failure to function." (*Id.*) And it argues that "[n]either Mercedes covered on the [P]olicy would *function* for Ms. Bailey's needs, which was [*sic*] a car to drive around the Denver area after a flight to Colorado, because those Mercedes were in Florida." (*Id.* at 9 (emphasis added).) FI concludes that since the Mercedes-Benzes would not function for her purpose, they could arguably be considered "withdrawn from normal use due to breakdown." (ECF No. 73-1 at 13.) Tellingly, FI offers no on-point case law to support its argument.

The Court disagrees with FI's argument. No reasonable person would think that their vehicle has broken down every time they go out of town without it. FI's argument borders on facetious; clearly, whether a car has in fact suffered a breakdown has absolutely no relationship to the physical location of its driver. Further, the parties agree that Florida law should be applied to interpret the terms of the Policy, and Florida courts considering very similar policy language have found that the "temporary substitute auto" term is not ambiguous. *See Duncan Auto Realty, Ltd. v. Allstate Ins. Co.*, 754 So.2d 863, 864–65 (Fla. Dist. Ct. App. 2000) (finding insurance contact, including its "temporary substitute automobile" provision to be unambiguous); *Boyd v. United States Fidelity & Guaranty Co.*, 256 So.2d 1, 4 (Fla.1971) (same).

2. <u>Defendant Fabric Innovations Does Not Meet its Burden on Summary Judgment</u>

FI argues that the Motion should be denied because "Progressive has failed to demonstrate that the 2018 Dodge Caravan used by Ms. Bailey was not covered under

6

its policy." (ECF No. 73 at 5–7.) More specifically, FI argues that the Policy covers any "temporary substitute auto" and that "[o]nly by demonstrating that no 'insured auto' was 'withdrawn from normal use due to breakdown, repair, servicing, loss or destruction' can Progressive properly support its Motion." (ECF No. 64 at 6.)

FI is mistaken. In a declaratory judgment action regarding liability insurance coverage, the burden of proof depends in part on the specific issue in dispute. *See Utah Farm Bureau Ins. Co. v. Dairyland Ins. Co.,* 634 F.2d 1326, 1328 (10th Cir. 1980). The burden of establishing coverage under an insurance policy is on the party who asserts that a loss comes within the coverage of the policy, even when the insurer commences a declaratory action to resolve the question. *Id.* Thus, FI has the initial burden of persuasion at trial to show that the 2018 Dodge Caravan falls within the coverage provided by the Policy. *Travelers Indem. Co. of Am. v. Luna Gourmet Coffee & Tea Co. LLC*, 533 F. Supp. 3d 1013, 1019 (D. Colo. 2021).

As to Progressive's evidentiary burden, the Tenth Circuit has clearly explained that:

> The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 US 317, 323 (1986). In so doing, **a movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim.** *See id.* at 325. Such a movant may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim. *See id.*

*Adler*, 144 F.3d at 670–71 (emphasis added). Thus, Progressive does not have the burden to negate FI's claim of coverage; it need only point out that FI has put on no evidence to show that the 2018 Dodge Caravan is covered by the Policy.

7

Progressive has established the undisputed fact that the 2018 Dodge Caravan is not listed on the Policy as an "insured auto," and Progressive has also pointed out that there is no evidence in the record that could support the conclusion that the 2018 Dodge Caravan falls into other relevant categories of the Policy, such as "additional auto," "replacement auto," or "temporary substitute auto." (ECF No. 64 at 4.)  In its Response, FI has not produced a single piece of evidence that would support its position that the 2018 Dodge Caravan is covered by the Policy.  Therefore, FI has failed to meet its burden; and based on the record before the Court, the Court finds that no rational juror could find that the 2018 Dodge Caravan was covered by the Policy.  *Scott*, 550 U.S. at 380.

For the foregoing reasons, the Motion is granted as to Defendant FI, and judgment will be entered in favor of Progressive and against FI.

**B.     Defendants Rachel Bailey and Joseph Newman**

Progressive filed the instant Motion on October 4, 2021. (ECF No. 64.)  Under D.C.COLO.LCivR 56.1(a) Defendants Bailey and Newman's responses were due on October 25, 2021.  As of the date of this Order, Defendants Bailey and Newman have not filed their responses.  It appears, therefore, that the Court may deem Progressive's Motion as confessed by Defendants Bailey and Newman.  Nonetheless, this Court may not grant an unopposed motion for summary judgment unless the moving party has first met its burden of production and demonstrates it is legally entitled to judgment under Rule 56.  *See Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002).

As discussed above, the Court finds that Progressive has met its burden of production by establishing the undisputed fact that the 2018 Dodge Caravan is not listed on the Policy as an "insured auto," and by pointing out that there is no evidence in the

8

record that could support the conclusion that the 2018 Dodge Caravan falls into other relevant categories of the Policy, such as "additional auto," "replacement auto," or a "temporary substitute auto." (ECF No. 64 at 4.)

Thus, the Motion is granted as to Defendants Bailey and Newman, and judgment will also be entered in favor of Progressive and against Defendants Bailey and Newman.

## V. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff Progressive Express Insurance Company's Motion for Entry of Final Summary Judgment (ECF No. 64) is GRANTED;

2. The Court DECLARES that:

   a) Policy No. 03856129-2, issued to Fabric Innovations by Progressive, does not provide bodily injury liability coverage to Fabric Innovations or Bailey for the damages claimed by Newman as a result of the June 5, 2019 motor vehicle accident between Bailey and Newman;

   b) Under Policy No. 03856129-2, Progressive has no duty to indemnify Fabric Innovations or Bailey for any damages awarded to Newman related to the June 5, 2019 motor vehicle accident between Bailey and Newman; and

   c) Under Policy No. 03856129-2, Progressive has no duty to defend Fabric Innovations or Bailey in litigation related to the June 5, 2019 motor vehicle accident between Bailey and Newman.

3. The Clerk shall enter judgment in favor of Progressive and against Defendants Fabric Innovations, Rachel Bailey, and Joseph Newman;

4. Plaintiff shall have its costs upon compliance with D.C.COLO.LCivR 54.1; and

5. The Clerk shall terminate this action.

Dated this 13th day of July, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge